## Liss v. R. W. Realty Company

*D. S. Malis*, for plaintiff.

*R. Stanley Richardson*, for defendant.

GORDON, JR., P. J., February 20, 1936.—This is a suit by a tenant to recover from his landlord the sum of $2,250, which the lease provided should be payable to the tenant upon its cancellation by the landlord before the expira-

426

tion of its term. We entered judgment for plaintiff for want of a sufficient affidavit of defense. The lease was executed on April 10, 1934, and was for a term of six years, the rent payable under it being upon both a fixed and percentage basis, progressively increasing with the term, that payable at the period in which this controversy arose being a fixed rental of $525 per month, plus 10 percent of the gross receipts of the business above $63,000. The lease also contained a provision that whenever the lessor company, the defendant here, should secure a tenant for the entire first floor of the demised premises it could cancel the lease on 90 days' written notice, in which event it should pay a stipulated sum to the lessee, plaintiff here, on surrender of the premises. The sum agreed upon for the period from April 1, 1935, to March 31, 1936, was fixed at $2,250. On June 27, 1935, when plaintiff was not in any respect in default under the lease, the parties entered into a supplemental agreement, the material provisions of which read as follows:

"Whereas, the party of the second part [the plaintiff here] has requested the party of the first part [the defendant here] to reduce each of the fixed monthly rent installments payable pursuant to the said agreement [the lease] on the first day of June, 1935, July, 1935 and August, 1935, respectively, to the sum of four hundred dollars; and

"Whereas the party of the first part is desirous of having the right to terminate the term granted by the said agreement at any time during the unexpired portion of the said term and to terminate any extension or renewal of said term at any time during any such extension or renewal thereof.

"Now, therefore, this agreement witnesseth: . . .

"I. Each of the installments of fixed rent payable under and pursuant to the said agreement made the tenth day of April, 1934, on the first days of June, 1935, July, 1935, and August, 1935, respectively, is hereby reduced to the sum of four hundred dollars.

"II. The party of the first part is hereby given the right to terminate the term granted by the said agreement made the tenth day of April, 1934, at any time during the unexpired portion of said term, and the right to terminate any extension or renewal of said term at any time during any such extension or renewal, by serving upon the party of the second part, in the manner hereinafter specified, written notice of the exercise of such right. . . .

"III. As hereby modified and amended, the said agreement made the tenth day of April, 1934, shall be and remain in full force and effect."

It will be noted that this agreement modifies the provisions of the lease in two particulars only: First, by reducing the fixed rent for the three months of June, July, and August, 1935, from $525 to $400; and, second, in return for this reduction, the lessor's limited right to cancel the lease upon the specified contingency was enlarged to a general and absolute right to do so at its pleasure, upon 30 instead of 90 days' notice. The agreement also expressly stipulates that in all other respects the provisions of the existing lease shall remain in full force and effect.

Having secured from plaintiff this modification of the lease on June 27, 1935, defendant gave notice to plaintiff, on July 29th following, of its intention to terminate the tenancy on August 31st. At this time, also, plaintiff was not in default under the lease, and defendant had no lawful justification for cancelling it except under the power to do so referred to above. When plaintiff vacated and surrendered the premises in compliance with the notice defendant refused to pay the $2,250 agreed upon, and this suit was then begun by plaintiff to recover that amount.

Defendant admits all of the foregoing facts in its affidavit of defense, but contends that the effect of the supplemental agreement is to revoke the entire portion of the lease conferring upon it the limited right to cancel

the lease upon the payment of the compensation agreed upon, and to substitute for it an unrestricted right to terminate the lease without compensation. It is argued that the lease provides for its cancellation on a specified condition, whereas the agreement provides for an accelerated termination of the term, and that, since no payment is provided for at the termination of the lease, plaintiff cannot recover. We see no merit in this contention. Paragraph 3 of the agreement expressly preserves all the terms and conditions of the lease, except as paragraphs 1 and 2 modify it. This alone would operate to preserve the lessee's right to compensation for the premature termination thereof. In addition, an arbitrary "termination" and a similar "cancellation" of such an instrument are synonymous. They are identical in substance and effect, and a mere enlargement of the opportunity to exercise the same right in no way alters the consequences that the lease provides shall follow thereon. This is especially so when the very document that enlarges the power expressly declares that in all other respects the provisions of the lease shall remain in full force and effect. Having received the rent which entitled plaintiff to $2,250 upon cancellation of the lease, defendant exacted from him, for a consideration of $300, a document, which, if we adopt its contention, would enable it to avoid payment of the larger sum. To give such an effect to the language of the agreement would make it an instrument for unconscionable trickery, which the prompt cancellation of the lease by defendant after procuring the agreement strongly suggests. We are satisfied that if the agreement had expressed such an intention in language clear and free from dubiety it would never have been signed by plaintiff. For these reasons we gave judgment for plaintiff on the pleadings.